IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CHRISTOPHER JAMES NISJA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-16-1366-D |
| | ) | |
| HEAVY VAPE, INC., d/b/a EDMOND VAPES, LLC, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

# **ORDER**

Upon examination of the Complaint, the Court finds insufficient factual allegations regarding the citizenship of the parties to establish diversity jurisdiction under 28 U.S.C. § 1332(a), as asserted by Plaintiff.[1] First, the Complaint fails to allege Plaintiff's citizenship; merely alleging a place of residence is not sufficient. *See Whitelock v. Leatherman*, 460 F.2d 507, 514-15 (10th Cir. 1972); *see also Siloam Springs Hotel, L.L.C. v. Century Surety Co.*, 731 F.3d 1233, 1238 (10th Cir. 2015). Second, Plaintiff states Defendant Heavy Vape, Inc. d/b/a Edmond Vapes, LLC is "an Oklahoma Corporation, doing business within the State of Oklahoma." *See* Compl. ¶ 2. Thus, although Plaintiff fails to allege the corporation's states of incorporation and principal place of business, as required by 28 U.S.C. § 1332(c)(1), it

---

[1] The Court has "an independent obligation to determine whether subject-matter jurisdiction exists" and may raise the issue *sua sponte* at any time. *1mage Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006); *see Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party").

appears this defendant may, like Plaintiff, be a citizen of Oklahoma. The Complaint therefore fails to allege a basis of subject matter jurisdiction.

IT IS THEREFORE ORDERED that Plaintiff is directed to cure the deficiencies in his pleading by filing an amended complaint within 14 days from the date of this Order. Alternatively, if Plaintiff should determine that this action was improvidently filed in federal court, Plaintiff may file a notice of dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i) within this same time period.

IT IS SO ORDERED this 6th day of December, 2016.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE